Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
2200 Southwest Freeway, Suite 550
Houston, Texas 77098
Tel: 713-481-3040
Fax: 713-588-8683
*Counsel of Record for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| FIEL Houston Inc., Maria Gutierrez, Enrique Contreras, Fernando Miranda Marin, Orlando Saenz, Shayli Rodriguez, Anahi Lagunas, Elizabeth Rebolloso, Cesar Espinosa,<br><br>    *Plaintiffs*,<br><br>        v.<br><br>Chad F. Wolf, Acting Secretary of the U.S. Department of Homeland Security; and Kenneth T. Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services;, | Case No. 4:20-cv-2515<br><br><br><br>Date: July 16, 2020 |

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
## WRIT OF MANDAMUS

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

This is a Complaint for relief under the Administrative Procedure Act ("APA") and for Writ of Mandamus. The Plaintiffs file the instant Complaint and Writ of Mandamus against Defendants because the U.S. Citizenship and Immigration Services ("USCIS"), a federal agency within the Department of Homeland Security ("DHS"), violated the APA by willfully defying the U.S. Supreme Court's decision in *Department of Homeland Security v. Regents of the University of California*, 2020 WL 3271746 * (Jun. 18, 2020), which held that the rescission of the Deferred Action for Childhood Arrivals ("DACA") program was unlawful, because it continues to refuse to accept new DACA Applications. *See* Exhibit 1—USCIS Website Printout. Through this Complaint and Writ, Plaintiffs request that this Court compel the USCIS to accept and adjudicate their DACA Applications pursuant to the APA, 5 U.S.C. § 706, and the All Writs Act, 28 U.S.C. § 1651.

Plaintiffs seeks a declaratory judgement stating that the USCIS must accept and adjudicate their DACA Applications and that it is abusing its discretion, acting arbitrarily, capriciously, and not in accordance with the law by not following the U.S. Supreme Court's decision in *Regents*; and seek relief under the APA and All Writs Act, to compel the USCIS to accept and adjudicate their DACA Applications.

The instant action is being filed against the following Defendants: Chad F.

Wolf, in his purported official capacity as the Acting Secretary of the DHS; and Kenneth T. Cuccinelli, in his purported official capacity as the Acting Director of the USCIS.

## I. INTRODUCTION

1.  On June 15, 2012, the DHS issued a policy memorandum implementing a new program known as DACA. *See* Exhibit 2—Policy Memorandum (Jun. 15, 2012). The goal of the program was to protect migrants, who had been brought to the United States illegally as children. *Id*. The memorandum instructed that the USCIS should exercise prosecutorial discretion to defer the physical removal of certain aliens who are in removal proceedings or who have final orders of removal if they meet certain criteria. *Id*.

2.  On September 5, 2017, after a change in administrations, the DHS issued a second policy memorandum on DACA, which rescinded the program. *See* Exhibit 3—Policy Memorandum (Sep. 5, 2017). The basis for the rescission was that the DACA program was illegal. *Id*.

3.  After lengthy litigation on the issue of whether the DHS properly terminated the DACA program, the case finally reached the U.S. Supreme Court.

4.  On June 18, 2020, the Supreme Court held that the DHS' rescission of the DACA program was unlawful because it violated the APA. *Regents*, 2020 WL 3271746 at *14-15. Specifically, the Supreme Court held that the DHS' failure to address

"options of retaining forebearance or accommodating particular reliance interests," was arbitrary and capricious. *Id*. at 15.

5.  The day of the Supreme Court's decision, the USCIS released a statement on its website stating: "Today's court opinion has no basis in law and merely delays the President's lawful ability to end the illegal [DACA] amnesty program."[1]

6.  In turn, Acting Secretary Chad Wolf stated: "The DACA program was created out of thin air and implemented illegally. The American people deserve to have the Nation's laws faithfully executed as written by their representatives in Congress—not based on the arbitrary decisions of a past Administration. This ruling usurps the clear authority of the Executive Branch to end unlawful programs."[2]

7.  Finally, Acting Secretary Kenneth Cuccinelli stated: "The Supreme Court's decision is an affront to the rule of law and gives Presidents power to extend discretionary policies into future Administrations. No Justice will say that the DACA program is lawful, and that should be enough reason to end it."[3]

8.  It is clear from the aforementioned statements that the Government and its officials believe that the Supreme Court's decision in *Regents* is erroneous and that they are refusing to follow the Court's decision. This conclusion is not

---

[1] https://www.uscis.gov/news/news-releases/uscis-statement-supreme-courts-daca-decision
[2] https://www.dhs.gov/news/2020/06/18/dhs-statement-supreme-court-decision-daca
[3] *Id.*

speculative on the part of Plaintiff because following the ruling in *Regents*, that upheld continuing validity of the DACA program, a DACA Application was filed by an individual only to be rejected by the USCIS in a clear violation of the Supreme Court's decision. *See* Exhibit 4—USCIS Rejection Notice.

9. Furthermore, the USCIS's own website still states as of today's date that "USCIS is not accepting requests from individuals who have never before been granted deferred action under DACA."[4] Once again, this is in clear violation of the ruling in *Regents*.

10. In light of the above, Plaintiffs maintain that the USCIS's continued refusal to accept new Forms I-821D violates the APA. Accordingly, Plaintiffs now bring this action to compel the USCIS to fulfill its nondiscretionary duty to accept their DACA Applications and adjudicate them on the merits, in full compliance with the Supreme Court's holding in *Regents*.

## II.  JURISDICTION AND VENUE

11. This action arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, and the APA, 5 U.S.C. §§ 701 *et seq.* Because this matter involves the federal laws of the United States, subject-matter jurisdiction is proper under 8 U.S.C. § 1331.

---

[4] https://www.dhs.gov/deferred-action-childhood-arrivals-daca (last accessed July 16, 2020).

12. This Court also has jurisdiction under 28 U.S.C. § 1361, which gives federal courts "original jurisidiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Plaintiffs reside in Houston, Texas, or the surrounding metropolitan area.

### III. PARTIES

14. FIEL Houston is an immigrant civil rights organization located in Houston, Texas.

15. Plaintiffs Maria Gutierrez, Enrique Contreras, Fernando Miranda Marin, Orlando Saenz, Shayli Rodriguez, Anahi Lagunas, Elizabeth Rebolloso, and Cesar Espinosa are all residents of Houston, Texas or its metropolitan area.

16. Defendant, Chad F. Wolf, is the purported Acting Secretary of the DHS. He is sued in his official capacity. He may be served at 2707 Martin Luther King Jr. Ave. SE, Washington, D.C. 20528-0485.

17. Defendant, Kenneth T. Cuccinelli, is the purported Acting Director of the USCIS. He is sued in his official capacity. He may be served at 20 Massachussetts Ave., Room 4210, Washington D.C. 20529.

# IV.   STATUTORY AND REGULATORY BACKGROUND

18. Because the DACA program was not implemented via statute or regulation, but through executive action of the Executive Branch, there are no relevant statutes or regulations to mention with respect to the program. The implementing memorandum is thus the only framework applicable to DACA eligibility and the parameters of the program. *See* Exhibit 2—Policy Memorandum (Jun. 15, 2012).

19. District Courts have the authority to "compel agency action unlawfully withheld," and "hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 8 U.S.C. § 706(1)-(2)(A).

20. "Agency action" is defined to include the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act. 5 U.S.C. § 551(13).

21. District Courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.

22. District Courts have original jurisdiction in any mandamus action that seeks to compel an officer or employee of the United States to perform a duty that is owed to the Plaintiff. 28 U.S.C. § 1361.

# V. FACTUAL BACKGROUND

23. Effective March 1, 2003, the DHS assumed responsibility for the functions of the agency formerly known as the "Immigration and Naturalization Service." The Secretary of DHS is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." 8 C.F.R. § 2.1.

24. The USCIS is a bureau within the DHS and delegated supervisory authority over all operations by the Secretary of DHS. *Id.* The USCIS is responsible for accepting and adjudicating all DACA Applications. *See* Exhibit 2, *supra*.

25. Plaintiff FIEL Houston is an immigration organization located in Houston, Texas. FIEL seeks to advance the legal rights of immigrants by advocating for just laws for young immigrants and their families.

26. Plaintiff Maria Gutierrez is eligible for DACA in accordance with the USCIS's 2012 policy memorandum. She entered the United States before the age of sixteen, has continuously resided in the United States for five years prior to June 15, 2012, was present in the United States on or before June 15, 2012, is currently in school or has graduated from high school or obtained a general education certificate, has not been convicted of a disqualifying criminal offense, and is not above the age of thirty. At present, however, she is not able to file her initial DACA Application.

27. Plaintiff Enrique Contreras is eligible for DACA in accordance with the USCIS's 2012 policy memorandum. He entered the United States before the age of sixteen, has continuously resided in the United States for five years prior to June 15, 2012, was present in the United States on or before June 15, 2012, is currently in school or has graduated from high school or obtained a general education certificate, has not been convicted of a disqualifying criminal offense, and is not above the age of thirty. At present, however, he is not able to file his initial DACA Application.

28. Plaintiff Fernando Miranda Marin is eligible for DACA in accordance with the USCIS's 2012 policy memorandum. He entered the United States before the age of sixteen, has continuously resided in the United States for five years prior to June 15, 2012, was present in the United States on or before June 15, 2012, is currently in school or has graduated from high school or obtained a general education certificate, has not been convicted of a disqualifying criminal offense, and is not above the age of thirty. At present, however, he is not able to file his initial DACA Application.

29. Plaintiff Orlando Saenz is eligible for DACA in accordance with the USCIS's 2012 policy memorandum. He entered the United States before the age of sixteen, has continuously resided in the United States for five years prior to June 15, 2012, was present in the United States on or before June 15, 2012, is currently

in school or has graduated from high school or obtained a general education certificate, has not been convicted of a disqualifying criminal offense, and is not above the age of thirty. At present, however, he is not able to file his initial DACA Application.

30. Plaintiff Shayli Rodriguez is eligible for DACA in accordance with the USCIS's 2012 policy memorandum. She entered the United States before the age of sixteen, has continuously resided in the United States for five years prior to June 15, 2012, was present in the United States on or before June 15, 2012, is currently in school or has graduated from high school or obtained a general education certificate, has not been convicted of a disqualifying criminal offense, and is not above the age of thirty. At present, however, she is not able to file her initial DACA Application.

31. Plaintiff Anahi Lagunas is eligible for DACA in accordance with the USCIS's 2012 policy memorandum. She entered the United States before the age of sixteen, has continuously resided in the United States for five years prior to June 15, 2012, was present in the United States on or before June 15, 2012, is currently in school or has graduated from high school or obtained a general education certificate, has not been convicted of a disqualifying criminal offense, and is not above the age of thirty. At present, however, she is not able to file her initial DACA Application.

32. Plaintiff Elizabeth Rebolloso is eligible for DACA in accordance with the USCIS's 2012 policy memorandum. She entered the United States before the age of sixteen, has continuously resided in the United States for five years prior to June 15, 2012, was present in the United States on or before June 15, 2012, is currently in school or has graduated from high school or obtained a general education certificate, has not been convicted of a disqualifying criminal offense, and is not above the age of thirty. At present, however, she is not able to file her initial DACA Application.

33. Plaintiff Cesar Espinosa is eligible for DACA in accordance with the USCIS's 2012 policy memorandum. He entered the United States before the age of sixteen, has continuously resided in the United States for five years prior to June 15, 2012, was present in the United States on or before June 15, 2012, is currently in school or has graduated from high school or obtained a general education certificate, has not been convicted of a disqualifying criminal offense, and is not above the age of thirty. At present, however, he is not able to file his initial DACA Application.

At this time, there is no way for Plaintiffs to file their DACA Applications because the USCIS is not accepting them and, as is evident from the example being provided to this Court, the USCIS continues to reject such filings. *See* Exhibit 4, *supra*. Because there are no other forums or means available to Plaintiffs, they are filing

the present action seeking relief under the APA.

## VI. CLAIMS FOR RELIEF

### 1. Count 1—Violation of the APA

34. Plaintiffs incorporate by reference the allegations in paragraphs 1-33.

35. Plaintiffs contend that under the APA, the USCIS's refusal to allow for the filing of initial DACA applications—as evidenced by both their website and their rejection of attempted filings—is an agency action that is "unlawfully withheld." 5 U.S.C. § 706(1). Plaintiffs thus request the Court to compel the USCIS to accept and adjudicate their DACA Applications.

36. As noted above, after the Supreme Court's decision in *Regents* declared the rescission of DACA to be arbitrary and capricious, DACA returned to its pre-2017 status. Therefore, the USCIS is now mandated to accept and adjudicate all new DACA Applications in accordance with its 2012 policy memorandum. *See* Exhibit 2, *supra*.

37. The USCIS has failed to adhere to the Supreme Court's mandate that new DACA Applications must be accepted by continuing to refuse to accept and to adjudicate such DACA Applications. *See* Exhibit 4, *supra*. Therefore, the USCIS is unlawfully withholding agency action and Plaintiffs move this Court to compel the USCIS to act in accordance with the Supreme Court's decision in *Regents* and its own 2012 policy memorandum on DACA.

38. Plaintiffs next contend that under the APA, the USCIS's refusal to accept initial DACA Applications is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Plaintiffs thus request this Court to compel the USCIS to accept and adjudicate their DACA Applications on the merits.

39. The U.S. Supreme Court has held that an agency's actions may be considered arbitrary, capricious, or an abuse of discretion if said actions inexplicably depart from the agency's own course of adjudication, regulations, or policies. *See INS v. Yang*, 519 U.S. 26, 32 (1996) ("Though an agency's discretion is unfettered at the outset, if it announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as 'arbitrary, capricious, [or] an abuse of discretion'"); *see also Lugo-Resendez v. Lynch*, 831 F.3d 337, 338 (5th Cir. 2016) (finding the BIA abuses its discretion when it issues a decision that is based on unexplained departures from regulations or established policies); *Wong Wing Hang v. INS*, 360 F.2d 715, 718-19 (2d Cir. 1996) (finding that an agency abuses its discretion when it inexplicably departs from prior procedures).

40. Prior to the 2017 rescission of the DACA program, the USCIS adjudicated new

DACA Applications in accordance with the 2012 policy memorandum. *See* Exhibit 2, *supra*. After the rescission memorandum came out in 2017, new DACA applications were no longer accepted. *See* Exhibit 3, *supra*. Now, however, the Supreme Court has invalidated the DACA rescission memorandum, and so, the USCIS must accept and adjudicate new DACA Applications in accordance with the 2012 memorandum.

41. In this case, the USCIS is not allowing Plaintiffs to file their DACA Applications, even though it is mandated to accept and adjudicate those applications in accordance with the 2012 memorandum. *See* Exhibit 2, *supra*. As further evidence that the USCIS will not adjudicate Plaintiffs' DACA Applications, Plaintiffs point the Court to Exhibit 4, which clearly shows that the USCIS is indeed rejecting new DACA Applications even though the Supreme Court has mandated otherwise. Therefore, the USCIS has departed from its prior, settled course of adjudication and policies regarding the DACA program, and as such, has acted arbitrarily, capriciously, and has abused its discretion.

42. In addition, the USCIS can abuse its discretion in departing from prior binding precedent. *See*, *e.g.*, *INS v. Yang*, 519 U.S. 26, 32 (1996) (finding that the government abuses discretion by departing from prior precedent).

43. The Supreme Court's decision in *Regents* was clear: the 2017 termination of the

DACA program was unlawful, as it violated the APA. Therefore, after the Court's decision, the DACA program reverted back to its pre-2017 status. That means that the USCIS must, pursuant the Supreme Court's decision, accept new DACA Applications.

44. By refusing to allow Plaintiffs to file new DACA Applications, the USCIS failed to follow the binding precendential decision of the Supreme Court in *Regents*. As a result, the USCIS's refusal to accept new filings is an ultra vires action as well as an  abuse of  its discretion.

45. Finally, the USCIS's refusal to allow the filing of new DACA Applications is legally erroneous. As noted in the 2012 policy memorandum, which is now once again the law, the USCIS is mandated to accepted and adjudicate new DACA Applications. By refusing to allow filing said Applications, the USCIS violates the law.

46. In sum, given the law and evidence presented, Plaintiffs maintain that judicial review under the APA is proper because USCIS has acted arbitrarily, capriciously, has abused its discretion, and has not acted in accordance with the law.

## 2.  Count 2—Mandamus Relief

47. Plaintiffs incorporate by reference the allegations in paragraphs 1-46.

48. Plaintiffs maintain that mandamus relief is appropriate in this case because the

USCIS has a nondiscretionary duty to accept and adjudicate their DACA Applications. Plaintiffs thus request that this Court to grant mandamus relief and compel the USCIS to accept and adjudicate their DACA Applications on the merits.

49. As noted above, the All Writs Act, 28 U.S.C. § 1651(a), confers the power of mandamus on the District Courts.

50. District Courts have original jurisdiction in a mandamus action to compel an officer or employee of the United States to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.

51. The power of a district court to compel official action by mandatory order is limited to the enforcement of nondiscretionary, plainly defined, and purely ministerial duties. *Decatur v. Paulding*, 39 U.S. (1 Pet.) 496, 514-17 (1840); *Work v. Rives*, 267 U.S. 175, 177 (1925); *Wilbur v. United States*, 281 U.S. 206, 218 (1930).

52. An official action is not ministerial unless "the duty in a particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command." *Wilbur*, 267 U.S. at 177.

53. In this case, the USCIS, pursuant to its 2012 policy memorandum, has a nondiscretionary, plainly defined duty to accept and adjudicate new DACA Applications for those who meet the required criteria. *See* Exhibit 2, *supra*.

54. The duty to accept and adjudicate new DACA Applications is a ministerial one because the 2012 policy memorandum leaves no doubt whatsoever that the USCIS is required to accept and adjudicate DACA Applications on a case-by-case basis, and the policy memorandum equates to a "positive command" to accept and adjudicate new DACA Applications. *Id*.

55. In sum, the 2012 policy memorandum, which is now once again in affect after the Supreme Court's ruling in *Regents*, mandates that USCIS accept and adjudicate new DACA Applications on the merits. By not allowing Plaintiffs to file their initial DACA Applications, the USCIS has failed to carry out its nondiscretionary duty that the memorandum plainly spells out. Plaintiffs thus request for this Court to grant mandamus relief, in order to compel the USCIS to accept and adjudicate their DACA Applications.

### 3. Count 3—Equal Access to Justice Act

56. Plaintiffs incorporate by reference the allegations in paragraphs 1-55.

57. "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the

United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

58. Furthermore, "[a]n agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding." 5 U.S.C. § 504(a)(1).

59. It is clear that Defendants have failed—without any legal or factual basis—to begin accepting new DACA Applications. Such a failure has resulted in Plaintiffs' having been forced to retain the services of an attorney to pursue the instant action, in addition to other costs and expenses incurred, in order to insure that their DACA Applications are accepted and adjudicated by the USCIS.

60. Plaintiffs, as the prevailing party in the instant action are clearly entitled to post-judgment ? attorney's fees and associated costs given Defendants' open and public defiance of a Supreme Court decision

61. Wherefore, Plaintiffs respectfully request that the Court award reasonable attorneys' fees and costs to Plaintiffs, pursuant to the Equal Access to Justice Act. *See* 5 U.S.C. § 504(a) and 28 U.S.C. § 2412(d).

## VII. CONCLUSION

62. The continued refusal of the USCIS to accept new DACA Applications is an agency action that was unlawfully withheld and arbitrary, capricious, an abuse

of discretion and not in accordance with the law. Judicial review by this Court is therefore warranted under the APA.

63. Moreover, the decision to reject or not accept newly filed DACA Applications amounts to a failure to fulfull the USCIS's nondiscretionary duty to accept and adjudicate said applications, as required by the 2012 policy memorandum. Therefore mandamus relief is appropriate.

## VIII.  PRAYER FOR RELIEF

64.  Wherefore, Plaintiffs respectfully request that this Court:

a.  accept jurisdiction and venue as proper;

b.  issue a declaratory judgment that the the USCIS is mandated to accept and adjudicate all new DACA Applications under the APA and the All Writs Act.

c.  issue a writ of mandamus that the USCIS has a nondiscretionary duty to allow Plaintiffs to file their DACA Applications, and it is failing to carry out that duty;

d.  grant reasonable attorney's fees, expenses, and costs of court pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. § 2412; and

e.  grant Plaintiffs any and all other relief as the Court may deem just and proper.

Respectfully submitted,

GONZALEZ OLIVIERI, LLC

*/s/ Raed Gonzalez*

_____
Raed Gonzalez, Esq.
Attorney for Plaintiff
Texas Bar No. 24010063
2200 Southwest Freeway, Suite 550
Houston, Texas 77098
Phone: 713-481-3040
Fax: 713-588-8683
rgonzalez@gonzalezolivierillc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| FIEL Houston Inc., Maria Gutierrez, Enrique Contreras, Fernando Miranda Marin, Orlando Saenz, Shayli Rodriguez, Anahi Lagunas, Elizabeth Rebolloso, Cesar Espinosa, | Case No. 4:20-cv-2515 |
| *Plaintiffs*, | |
| v. | |
| Chad F. Wolf, Acting Secretary of the U.S. Department of Homeland Security; and Kenneth T. Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services; | Date: July 16, 2020 |
| *Defendants*. | |

---

## INDEX OF EXHIBITS

---

- Exhibit 1—USCIS Website Printout

- Exhibit 2—Policy Memorandum (Jun. 15, 2012)

- Exhibit 3—Policy Memorandum (Sep. 5, 2017)

- Exhibit 4—USCIS Rejection Notice