Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
2200 Southwest Freeway, Suite 550
Houston, Texas 77098
Tel: 713-481-3040
Fax: 713-588-8683
*Counsel of Record for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| FIEL Houston Inc., et al.,<br><br>    *Plaintiffs*,<br><br>            v.<br><br>Chad F. Wolf, Acting Secretary of the U.S. Department of Homeland Security; and Kenneth T. Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services,<br><br>    *Defendants*. | Case No. 4:20-cv-2515<br><br>**EXPEDITED HEARING REQUESTED**<br><br>Date: July 31, 2020 |

**MOTION FOR PRELIMINARY INJUNCTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Pursuant to Federal Rule of Civil Procedure 27 and 65, Plaintiffs respectfully file this motion for a preliminary injunction. Through this motion, Plaintiffs request that the Court enjoin the Defendants from rejecting initial Deferred Action for Childhood Arrivals ("DACA") Applications, and order them to immediately direct the U.S. Citizenship and Immigration Services ("USCIS") to accept and adjudicate all new DACA Applications in accordance with the U.S. Supreme Court's decision in *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891 (2020) and the Maryland District Court's decision in *Casa De Maryland, et al., v. U.S. Dep't of Homeland Sec.*, 8:17-cv-02942-PWG (Dist. MD, Jul. 17, 2020). Plaintiffs maintain that they are likely to succeed on the merits of their claims set out in their Complaint and Amended Complaint. *See* ECF No. 1 and 4.

Additionally, Plaintiffs will be severely and irreparably harmed if the requested injunction is not granted, the balance of equities weigh in favor of Plaintiffs, and the public interest weighs in favor of issuing an injunction. Accordingly, the Court should grant this motion and issue an injunction in this case.

## I.     Arguments and authorities

### A. Standard for granting a preliminary injunction

"A plaintiff seeking a preliminary injunction must clearly show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that

he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Planned Parenthood of Gulf Coast, Incorporated v. Gee*, 862 F.3d 445, 457 (5th Cir. 2017). Herein, Plaintiffs maintain that they meet each element for granting of a preliminary injunction, and therefore injunctive relief is appropriate in this case.

### B. Plaintiffs are likely to succeed on the merits

Plaintiffs allege that the Defendants, by refusing to allow Plaintiffs to file their initial DACA Applications, have violated the Administrative Procedure Act ("APA"). Plaintiffs maintain that they are likely to succeed on the merits of their APA claim and, therefore, injunctive relief is appropriate.

In *Regents*, the U.S. Supreme Court made it explicitly clear that the rescission of DACA was arbitrary and capricious, and thus, violated the APA. 140 S. Ct. at 1915. The DACA program thus returned to its pre-2017 status. *See Casa De Maryland*, 8:17-cv-02942-PWG (finding that DACA is now restored to its pre-September 5, 2017 status). Therefore, the USCIS is now mandated to accept and adjudicate all new DACA Applications in accordance with its 2012 policy memorandum. *Regents*, 140 S. Ct. at 1915; *Casa De Maryland*, 8:17-cv-02942-PWG.

Instead of doing what it is mandated to do, i.e., follow the Supreme Court's

3

decision in *Regents*, the USCIS is blatantly defying the Supreme Court by refusing to allow Plaintiffs to file their initial DACA Applications. In fact, as recently as July 28, 2020, Defendant Chad F. Wolf[1] issued a policy memorandum stating that: "no new initial requests for DACA should be accepted." *See* Exhibit 1—DHS Policy Memorandum.[2]

Plaintiffs maintain that the USCIS' refusal to accept initial requests for DACA violates the APA. Specifically, as noted in Plaintiffs' Complaint, the USCIS' refusal to accept initial DACA Applications is an agency action that is "unlawfully withheld" because the USCIS is, by virtue of the Supreme Court's decision in *Regents*, mandated to accept those DACA Applications. *See* 5 U.S.C. 706(1).

It is clear that the USCIS has failed to adhere to the Supreme Court's mandate that DACA must be returned to its pre-2017 status. *See* Exhibit 1, *supra*. Therefore, the USCIS is unlawfully withholding agency action and Plaintiffs move this Court to compel the USCIS to act in accordance with the Supreme Court's decision in

---

[1] Plaintiff wishes to note that although it is not the subject of this litigation, only a properly serving Secretary can promulgate a change to policy. And since Defendant Chad F. Wolf is only the *Acting* Secretary, he is not a properly serving secretary, and the new policy is invalid for that reason. *See* 5 U.S.C. §§ 3347(a), 3345(a), 3348(b)(1), (d)(2).

[2] Again, while not the subject of this litigation, the DHS has, by failing to follow the Supreme Court, violated the separation of powers doctrine because an executive branch is openly disregarding what the judicial branch has mandated. *Lopez v. Heckler*, 572 F.Supp. 26, 30 (C.D. Cal. 1983), *stay denied*, 713 F.2d 1432 (9th Cir.), *stay granted*, 104 S. Ct. 10 (1983), *aff'd*, 725 F.2d 1489 (9th Cir. 1984); *Hillhouse v. Harris*, 715 F.2d 428 (1983) (holding that administrative agencies are bound by Circuit Court decisions and the failure to follow those decisions is contempt); *Holden v. Heckler*, 584 F. Supp. 463 (N.D. Ohio 1984).

*Regents*, as well as the decision in *Casa De Maryland* and its own 2012 policy memorandum on DACA.

Additionally, the USCIS' refusal to accept initial DACA Applications is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A). As noted in Plaintiffs' Complaint, the USCIS can act arbitrarily, capriciously, and abuse its discretion if it irrationally departs from a policy that it has consistently followed. *See INS v. Yang*, 519 U.S. 26, 32 (1996) ("Though an agency's discretion is unfettered at the outset, if it announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as 'arbitrary, capricious, [or] an abuse of discretion'"); *see also Lugo-Resendez v. Lynch*, 831 F.3d 337, 338 (5th Cir. 2016) (finding the BIA abuses its discretion when it issues a decision that is based on unexplained departures from regulations or established policies); *Wong Wing Hang v. INS*, 360 F.2d 715, 718-19 (2d Cir. 1996) (finding that an agency abuses its discretion when it inexplicably departs from prior procedures).

In this case, the USCIS is not allowing Plaintiffs to file their DACA Applications, as noted in Exhibit 1 attached herein, even though it is mandated to accept and adjudicate those applications in accordance with the *Regents*, *Casa De*

*Maryland*, and its 2012 memorandum. Therefore, the USCIS has departed from its prior, settled course of adjudication and policies regarding the DACA program, and as such, has acted arbitrarily, capriciously, and has abused its discretion.

Moreover, the USCIS has abused its discretion because it is failing to adhere to binding Supreme Court precedent. The Supreme Court was clear in *Regents* that the rescission of DACA was unlawful and that the DACA program returned to its pre-rescission status. 140 S. Ct. at 1915; *see also Casa De Maryland*, *supra*. By failing to follow binding Supreme Court precedent and outright refusing to accept initial DACA Applications, the USCIS has acted unlawfully.

In sum, Plaintiffs maintain that they are able to demonstrate that they are likely to succeed on the merits of their claims because the USCIS is in violation of the APA. Accordingly, Plaintiffs meet the first element necessary for an injunction to be granted in this matter.

### C. Plaintiffs will be irreparably harmed if an injunction is not granted

Plaintiffs will undoubtedly be irreparably harmed if an injunction is not granted. In addition to Plaintiffs, there are currently about 682,440 individuals who are eligible for DACA nationwide.[3] In Texas alone there are approximately 85,910 individuals who are DACA-eligbile.[4] All of these individuals, including Plaintiffs,

---

[3] https://www.migrationpolicy.org/programs/data-hub/deferred-action-childhood-arrivals-daca-profiles
[4] *Id*.

6

do not have lawful status in the United States, meaning that they are those who have orders of removal and are at risk from being picked up by immigration officials and physically removed to their country at any time, while others who do not have removal orders are at risk from being placed in removal proceedings and being ordered removed. If they are removed, their entire lives will be uprooted. They will lose their ability to seek an education in this country, they will lose any property or homes that they have purchased, and most importantly, they will tragically be ripped away from their families. Their entire lives will be uprooted and destroyed.

Furthermore, eligible DACA applicants who are unable to file their applications are also unable to obtain legal employment in the United States. This leaves them unable to earn a livelihood, as well as to be contributing members of society, and causes them clear and certain economic hardship. Their continued inability to obtain DACA, including an ability to receive work authorization, is unnecessarily prolonged by the Defendants due to their unlawful refusal to accept and to adjudicate DACA Applications.

Plaintiffs maintain that they will be irreparably harmed if an injunction is not granted in this case. As such, Plaintiffs meet the second element for the grant of an injunction in this matter.

### D. The balance of equities weigh in favor of Plaintiffs

Balancing of the equities involves determining whether the "substantial injury

7

[to Plaintiffs] outweighs the threatened harm to the party whom [the Plaintiffs] seek to enjoin…" *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012) (brackets and citations omitted). In this case, Plaintiffs maintain that it is clear that the injury to them substantially outweighs any harm to the Defendants.

As previously noted, Plaintiffs will be irreparably injured if an injunction is not granted because they can be physically removed from the United States at any time, or the Government could place them in removal proceedings at any time, which would mean that their entire lives could be destroyed. Similarly, Plantiffs are irreprerably injured by virtue of the fact that they are unlawfully denied an opportunity to obtain lawful employment, so as to be able to sustain themselves, as well as their families. These injuries, in Plaintiffs' view, far outweigh any harm to the Government.

The Government would suffer no harm if they are compelled to honor and execute the mandate of a Supreme Court decision that compels the agency to continue accepting new DACA Applications, because in adherence to U.S. law, that is what the agency is mandated to do. In fact, it would actually benefit them, because they will be able to start collecting filing fees from thousands of DACA applicants nationwide and will be able to obtain crucial revenue for its coffers that is sorely

8

needed at this point in time, as the USCIS considers furloughs.[5]

In sum, there is no justification for the argument that the Defendants will be harmed by the granting of an injunction in this case. Therefore, the equities weigh heavily in favor of Plaintiffs. Accordingly, Plaintiffs have satisfied the third element required for an injunction.

### E. The public interest weighs in favor of granting an injunction

The public interest weighs in favor of granting an injunction for several reasons. First, the DACA program has been increasingly beneficial to the national economy of the United States. As *amici* and respondents in *Regents* noted, since 2012, recipients of DACA have "enrolled in degree programs, embarked on careers, started businesses [and] purchased homes…" 140 S. Ct. 1891, 1914 (2020). In 2017, DACA recipients earned approximately $23.4 billion dollars and 93.3% of DACA recipients were employed and contributing to the economy.[6] DACA recipients paid $2.2 billion dollars in federal taxes and $1.8 billion dollars in state and local taxes.[7] They have even started businesses at a higher rate than U.S. citizens who are in a similar age group.[8]

It is abundantly clear that the DACA program has been highly beneficial to

---

[5] https://www.cnn.com/2020/06/24/politics/uscis-immigration-citizenship-furlough/index.html
[6] https://research.newamericaneconomy.org/report/overcoming-the-odds-the-contributions-of-daca-eligible-immigrants-and-tps-holders-to-the-u-s-economy/
[7] *Id*.
[8] *Id*.

the economy of the United States. Issuing an injunction, and requiring the Government to accept new applications, would bring many more economic benefits for the United States, which is especially crucial during the current economic downturn due to the coronavirus pandemic.

Second, the immigration laws of the United States have historically been about promoting family unity. In fact, almost the entire immigration system is a family-based system. Given that, it would adhere to the law and serve the public interest if Plaintiffs were allowed to apply for DACA and remain in the United States with their families.

Finally, the public interest is always served when the laws of the United States are respected and it is always in the interest of the citizens of the United States to have their governmental agencies adhere to the rule of law. In this case, the Supreme Court's decision in *Regents* is clear and the USCIS should begin accepting new DACA Applications, which the U.S. District Court for Maryland has affirmed. *Casa De Maryland*, *supra*. Ordering the USCIS to begin accepting new DACA Applications and enjoining them from rejecting applications filed by eligible applicants would be in keeping with the Supreme Court's decision in *Regents*, and therefore, would ensure that the rule of the law is respected. In Plaintiffs' view, that would be in the public interest.

Plaintiffs maintain that they meet the fourth and final prong for injunctive

relief. And since all four elements necessary for the issuance of a preliminary injunction are present in this matter, that relief should be granted expeditiously.

## II.   CONCLUSION

Wherefore, premises considered, Plaintiffs respectfully request that this Court: issue a preliminary injunction to enjoin the USCIS from rejecting initial DACA applications and order the USCIS to begin accepting and adjudicating initial DACA Applications. The Court's consideration is respectfully requested.

Respectfully submitted,

GONZALEZ OLIVIERI, LLC

*/s/ Raed Gonzalez*

_____

Raed Gonzalez, Esq.
Attorney for Plaintiff
Texas Bar No. 24010063
2200 Southwest Freeway, Suite 550
Houston, Texas 77098
Phone: 713-481-3040
Fax: 713-588-8683
rgonzalez@gonzalezolivierillc.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| FIEL Houston Inc., et al., *Plaintiffs*, v. Chad F. Wolf, Acting Secretary of the U.S. Department of Homeland Security; and Kenneth T. Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services; *Defendants*. | Case No. 4:20-cv-2515  Date: July 31, 2020 |

## INDEX OF EXHIBITS

- Exhibit 1—DHS Policy Memorandum