

**U.S. Department of Justice**

Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

August 14, 2020

**VIA ECF**

The Honorable Vanessa D. Gilmore
United States District Judge
Southern District of Texas
515 Rusk Ave., Room 5300
Houston, Texas 77002

Re:   *FIEL Houston, Inc., et al., v. Wolf, et al.*, No. 4:20-cv-2515 (S.D. Tex.)

Dear Judge Gilmore:

Pursuant to this Court's individual Procedures, which require a pre-motion conference before filing most motions, *see* Procedures at 15, Defendants submit their reasons for seeking a fourteen-day extension of the August 21, 2020 deadline to respond to Plaintiffs' Motion for Preliminary Injunction.

On July 27, 2020, the U.S. Attorney's Office was served with a new class action complaint on behalf of individuals seeking to request Deferred Action for Childhood Arrivals (DACA) for the first time. *See* Am. Compl., ECF No. 4 (July 17, 2020). In so doing, Plaintiffs joined a long-running set of lawsuits, some of which have just returned to active litigation following the Supreme Court's decision in *Department of Homeland Security v. Regents of the University of California*, 140 S. Ct. 1891 (June 18, 2020).[1]

DACA is a Department of Homeland Security (DHS) policy adopted in 2012 that made deferred action—a practice of individualized enforcement discretion to issue a reversible notification that DHS does not intend to remove an alien for a set period of time—available to a class of unlawfully present aliens, many of whom were brought to the United States as children. DHS rescinded DACA in September 2017 and initiated an orderly wind-down. Cases were brought challenging that rescission, with several courts enjoining it and one entering final judgment against DHS.[2]

In *Regents*, the Supreme Court concluded that the DHS's September 2017 DACA-rescission memorandum violated the Administrative Procedure Act (APA). The Supreme Court noted that "[a]ll parties agree[d]" that "DHS may rescind DACA," *Regents*, 140 S. Ct. at 1905, and the Supreme Court did not question that proposition. But the Supreme Court held that then-Acting Secretary of

---

[1] *See California v. DHS*, No. 3:17-cv-05235; *Cnty of Santa Clara v. Trump*, No. 3:17-cv-05813; *Garcia v. United States*, No. 3:17-cv-05380; *Regents of Univ. of Cal. v. DHS*, No. 3:17-cv-05211; *San Jose v. Trump*, No. 3:17-cv-05329 (five cases in N.D. Cal.); *NAACP v. Trump*, No. 17-cv-1907; *Trustees of Princeton Univ. v. Trump*, No. 17-cv-2325 (two cases in D.D.C.); *DHS v. Casa de Maryland*, No. 17-2942 (D. Md.); *Batalla Vidal v. Wolf*, No. 16-cv-4756; *State of New York v. Trump*, No. 17-cv-5228 (two cases in E.D.N.Y.); *Perez Lazarte v. Wolf*, No. 1:20-cv-00894 (E.D. Va.).

[2] Separately, several states filed suit in this district to challenge DACA itself, and their motion for summary judgment is fully briefed. *See* Order, ECF No. 467, *Texas v. United States*, No. 1:18-cv-0068 (S.D. Tex. Aug. 4, 2020); *id.*, Status Report, ECF No. 463 (S.D. Tex. July 24, 2020).

Homeland Security Elaine Duke had failed to consider important aspects of the problem, and thus her attempt to rescind DACA violated the APA. *Regents*, 140 S. Ct. at 1916. Accordingly, the Supreme Court concluded that the September 2017 rescission must be vacated and remanded to DHS so that it "may consider the problem anew." *Id.*

On July 28, 2020, following the Supreme Court's directive, Acting Secretary of Homeland Security Chad Wolf issued a new memorandum on the subject of DACA, *see* ECF No. 11-1 ("Wolf Memorandum"). The Wolf Memorandum made "certain immediate changes to the DACA policy." *Id.* at 1. In addition to formally rescinding the September 2017 memorandum and a related 2018 memorandum, the Wolf Memorandum considers the relevant issues and explains that, until further notice, DHS (1) will not accept new initial requests for DACA, including any initial DACA requests submitted after *Regents*; (2) will continue to accept DACA renewal requests from previous DACA recipients, though it will limit the period of any future grants of deferred action to one year, rather than the two years provided under the original DACA policy; and (3) will allow DACA recipients to apply for advance parole in "exceptional circumstances." *Id.* at 5.

Three days later, on July 31, 2020, Plaintiffs filed a motion for preliminary injunction asking this Court to order the Department to "accept and adjudicate all new DACA Applications in accordance with the U.S. Supreme Court's decision in, 140 S. Ct. 1891 (2020)." Pls.' Mot. at 2, ECF No. 11. Plaintiffs argue that under *Regents*, "[t]he DACA program . . . returned to its pre-2017 status" and USCIS is "mandated to accept and adjudicate all new DACA Applications." *Id.* at 3. Plaintiffs claim that Defendants' decision not to accept new DACA requests unlawfully withholds agency action and abuses agency discretion in violation of the Administrative Procedure Act (APA). *See* Pls.' Mot. at 4-6; Am. Compl. ¶¶ 71, 74.

There is good cause to grant Defendants a two-week extension through September 4, 2020 to respond to Plaintiffs' motion for preliminary injunction. Undersigned counsel are coordinating extensive litigation regarding the same or similar issues in multiple courts and need additional time for governmental review of draft filings. In addition, while Defendants' response to the amended complaint is not due until September 25, Defendants propose to expedite this case by combining their response to the preliminary injunction motion with a brief in support of a motion to dismiss. Because the issues to be raised in the motion to dismiss demonstrate why Plaintiffs cannot prevail on the merits and therefore are not entitled to a preliminary injunction, consolidating this briefing will avoid duplicative filings and more rapidly advance this case toward resolution.

Moreover, Plaintiffs will not be prejudiced by this brief extension. Since September 2017, the Department has not accepted initial DACA requests; indeed, throughout the litigation sparked by the September 2017 memorandum, no judicial injunction required the Department to accept initial DACA requests, and the Supreme Court focused on the reliance interests implicated by those who were *already* DACA recipients. *See Regents*, 140 S. Ct. at 1913-14. Accordingly, Plaintiffs are seeking an immediate and significant alteration to the status quo of the last three years. This short extension of the preliminary injunction briefing, especially connected to an acceleration of Defendants' response to the amended complaint, will not meaningfully delay Plaintiffs' opportunity to seek relief.

Undersigned counsel conferred with Plaintiffs' counsel on August 12 and 14, who stated that Plaintiffs would not agree to any extension of the deadline to respond to their preliminary injunction motion. Accordingly, Defendants are requesting an opportunity to seek relief from this Court.

Respectfully submitted,

DAVID M. MORRELL
Deputy Assistant Attorney General

RYAN K. PATRICK
United States Attorney

BRAD P. ROSENBERG
Assistant Branch Director

/s/   *Stephen M. Pezzi*
GALEN N. THORP
  Senior Trial Counsel
STEPHEN M. PEZZI
  Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-8576
Fax: (202) 616-8470
Email: stephen.pezzi@usdoj.gov

*Attorneys for Defendants*